**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4637**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

SUSANN ALLEN,

            Defendant - Appellant.

**No. 14-4664**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

RACHEL WATSON,

            Defendant - Appellant.

Appeals from the United States District Court for the District of South Carolina, at Florence.  R. Bryan Harwell, District Judge. (4:13-cr-00586-RBH-2; 4:13-cr-00586-RBH-1)

Submitted: August 31, 2015      Decided: September 16, 2015

Before DUNCAN and THACKER, Circuit Judges, and DAVIS, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

---

Michael A. Meetze, Assistant Federal Public Defender, Florence, South Carolina; FitzLee H. McEachin, MCEACHIN & MCEACHIN, Florence, South Carolina, for Appellants. John C. Potterfield, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Susann Allen and Rachel Watson of conspiracy to defraud the United States, in violation of 18 U.S.C. § 371 (2012), and multiple counts of aiding and assisting in the preparation of false and fraudulent tax returns, in violation of 26 U.S.C. § 7206(2) (2012). The court sentenced Appellants to 24 months' imprisonment and ordered them to pay $59,503 in restitution, jointly and severally. On appeal, counsel have filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether: (1) the district court erred by finding that Allen voluntarily gave incriminating statements to Internal Revenue Service agents; (2) the district court erred by denying Appellants' motions for judgment of acquittal; and (3) Appellants' sentences are reasonable. Appellants were advised of their right to file pro se supplemental briefs, but they did not do so. We affirm.

I.

We review the factual findings underlying the district court's denial of a motion to suppress for clear error and the court's legal conclusions de novo. United States v. Green, 740 F.3d 275, 277 (4th Cir.), cert. denied, 135 S. Ct. 207 (2014). In so doing, "[w]e construe the evidence in the light most

favorable to the government, as the prevailing party below."

Id.

When considering the voluntariness of a defendant's statement, "we must determine whether the confession was extracted by any sort of threats or violence, or obtained by any direct or implied promises, however slight, or by the exertion of any improper influence." United States v. Byers, 649 F.3d 197, 215 (4th Cir. 2011) (brackets and internal quotation marks omitted). "The proper inquiry is whether the defendant's will has been overborne or h[er] capacity for self-determination critically impaired." Id. (internal quotation marks omitted). In conducting this inquiry, we examine "the totality of the circumstances, including the characteristics of the defendant, the setting of the interview, and the details of the interrogation." Id. (internal quotation marks omitted).

After reviewing the transcript of the hearing conducted pursuant to Jackson v. Denno, 378 U.S. 368 (1964), we conclude that the district court properly found that Allen's statements during her interviews with the IRS agents were voluntary. The court conducted an exceptionally thorough analysis of the circumstances surrounding Allen's interviews with the agents and ultimately decided to credit the agents' testimony over Allen's. The court's factual findings based on this credibility determination are entitled to the "highest degree of appellate

4

deference." United States v. Thompson, 554 F.3d 450, 452 (4th Cir. 2009) (internal quotation marks omitted). Accordingly, Allen's statements were voluntary and admissible.

## II.

We review de novo the district court's denial of a motion for judgment of acquittal. United States v. Engle, 676 F.3d 405, 419 (4th Cir. 2012). In assessing the sufficiency of the evidence, we determine whether there is substantial evidence to support the conviction when viewed in the light most favorable to the government. Id. "Substantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of guilt beyond a reasonable doubt." Id. Thus, "[a] defendant bringing a sufficiency challenge must overcome a heavy burden, and reversal for insufficiency must be confined to cases where the prosecution's failure is clear." Id. (internal quotation marks and citation omitted).

To sustain a conviction of conspiracy to defraud the United States under 18 U.S.C. § 371, the government must prove: "(1) the existence of an agreement, (2) an overt act by one of the conspirators in furtherance of the objectives, and (3) intent to agree to defraud the United States." United States v. Winfield, 997 F.2d 1076, 1082 (4th Cir. 1993). "The existence of a tacit or mutual understanding between

5

conspirators is sufficient evidence of a conspiratorial agreement" and "[p]roof of the agreement may be established by circumstantial evidence." United States v. Kingrea, 573 F.3d 186, 195 (4th Cir. 2009) (internal quotation marks omitted).

To sustain a conviction under 26 U.S.C. § 7206(2), the government must prove: "(1) the defendant aided, assisted, or otherwise caused the preparation and presentation of a return; [(2)] the return was fraudulent or false as to a material matter; and (3) the act of the defendant was willful." United States v. Hayes, 322 F.3d 792, 797 (4th Cir. 2003) (internal quotation marks omitted).

After carefully reviewing the trial transcript, we conclude that the evidence was sufficient to sustain Appellants' convictions. The evidence established that Appellants had an agreement to defraud the United States by completing income tax returns falsely, thereby ensuring that their clients received high refunds and establishing a loyal clientele. Moreover, the testimony of Appellants' clients proved beyond a reasonable doubt that Appellants are guilty, collectively, of 17 counts of tax fraud. Allen's confession only served to bolster her culpability.

### III.

We review a sentence, "whether inside, just outside, or significantly outside the Guidelines range[,] under a

deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). This review requires consideration of both the procedural and substantive reasonableness of the sentence. Id. at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Sentencing Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2012) factors, selected a sentence based on clearly erroneous facts, or failed to explain sufficiently the selected sentence. Id. at 49-51.

Only after determining that the sentence is procedurally reasonable do we consider the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances." Id. at 51. "Any sentence that is within or below a properly calculated Guidelines range is presumptively [substantively] reasonable. Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." United States v. Louthian, 756 F.3d 295, 306 (4th Cir.) (citation omitted), cert. denied, 135 S. Ct. 421 (2014).

Our review of the sentencing transcript reveals no procedural errors, and we conclude that Appellants have not met their burden of rebutting the presumption that their within-

Guidelines sentences are substantively reasonable. The district court carefully considered the particular circumstances of Appellants' cases and determined that the seriousness of their offenses and the need for just punishment and to promote respect for the law outweighed any potential mitigating factors. Furthermore, we discern no plain error in the court's restitution order.

IV.

In accordance with <u>Anders</u>, we have reviewed the entire record in these cases and have found no meritorious grounds for appeal. We therefore affirm the district court's judgments. This court requires that counsel inform their clients, in writing, of their right to petition the Supreme Court of the United States for further review. If either requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on his client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>

8